# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DOTTIE JAEGER,**
**Claimant Below, Petitioner**

**vs.)   No. 15-1238** (BOR Appeal No. 2050703)
                         (Claim No. 2013014690)

**WHEELING JESUIT UNIVERSITY, INC.,**
**Employer Below, Respondent**


### MEMORANDUM DECISION

Petitioner Dottie Jaeger, by Raymond A. Hinerman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wheeling Jesuit University, Inc., by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 30, 2015, in which the Board affirmed a July 27, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 30, 2013, decision granting a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Jaeger was injured on August 22, 2012, while she was performing her duties as a housekeeper at Wheeling Jesuit University, Inc. Ms. Jaeger lifted a trash bag from ground level up to a dumpster and injured her neck in the process. On June 3, 2013, the claim was held compensable for a neck sprain. Ms. Jaeger has undergone three independent medical evaluations to evaluate the degree of permanent impairment arising from the compensable injury.

1

On October 7, 2013, Christopher Martin, M.D., evaluated Ms. Jaeger. Dr. Martin noted that Ms. Jaeger seemed to have overlapping symptoms from a prior injury very similar in nature. Dr. Martin also expressed concerns over whether the work-related injury even occurred. Dr. Martin proceeded under the assumption that Ms. Jaeger had a cervical strain. Dr. Martin found that Ms. Jaeger had reached her maximum degree of medical improvement from the compensable injury. Dr. Martin determined Ms. Jaeger suffers from 25% whole person impairment for the cervical strain; however, the entire impairment was apportioned for her pre-existing neck conditions. As a result, Dr. Martin concluded that Ms. Jaeger suffered no permanent impairment from the August 22, 2012, compensable injury. On October 30, 2013, the claims administrator granted Ms. Jaeger a 0% permanent partial disability award based upon Dr. Martin's evaluation.

On June 26, 2014, Bruce Guberman, M.D., evaluated Ms. Jaeger. Dr. Guberman diagnosed Ms. Jaeger with post-traumatic acute and chronic cervical spine strain. Dr. Guberman concluded that Ms. Jaeger had reached maximum medical improvement and no further treatment was necessary. He opined that Ms. Jaeger suffers from 7% whole person impairment as a result of the compensable injury. Finally, ChuanFang Jin, M.D., evaluated Ms. Jaeger on January 22, 2015. She noted that Ms. Jaeger had a history of mechanical neck injury with recurrent neck pain and radicular arm pain. Dr. Jin concluded that Ms. Jaeger had reached maximum medical improvement and required no further treatment for the compensable injury. After apportioning for the pre-existing conditions, Dr. Jin found Ms. Jaeger to suffer no permanent impairment as a result of the compensable injury.

In its Order affirming the October 30, 2013, claims administrator's decision, the Office of Judges held that the preponderance of the evidence demonstrates that Ms. Jaeger did not sustain any permanent impairment as a result of the compensable neck sprain. Dr. Guberman's evaluation was determined to be less credible because he apportioned the pre-existing condition before using the spine impairment tables in West Virginia Code of State Rules §85-20 (2006). Because of this error, the only remaining reports were those of Dr. Martin and Dr. Jin, both of whom concluded that Ms. Jaeger did not suffer any permanent impairment as a result of the compensable injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges on November 30, 2015. The Board of Review also denied Ms. Jaeger's Motion to Remand that was based upon purported new evidence. On appeal, Ms. Jaeger asserts that the Board of Review erred in denying her Motion to Remand.

Ms. Jaeger argues that the Board of Review erred in three ways. First, it failed to make findings of fact and conclusions of law regarding her Motion to Remand. Second, it failed to remand for Good Cause shown. Third, it failed to put its findings of fact and conclusions of law in detailed writing, specifying its decision on the Motion to Remand. Ms. Jaeger does not argue the grant of her 0% permanent partial disability award on appeal, but rather only argues that the Motion to Remand was wrongfully denied and that the case should be sent back. Ms. Jaerger argues that her new evidence should be considered.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The new evidence Ms. Jaeger strives to have entertained by the Office of Judges is an MRI result and the treatment notes of a fourth doctor, documents she already had in her possession prior to her case with the Office of Judges. Both the MRI results and the treatment notes were reviewed by the doctors of record.

The Procedural Rules for the Workers' Compensation Board of Review states in §102-1-5.6 (2013) that the Board of Review may not consider evidence that was not considered by the Office of Judges except in support of a motion to remand. The Board of Review may remand a decision of the Office of Judges if its findings are clearly wrong in view of the reliable, probative, and substantial evidence on the whole record.

We conclude that the Board of Review did not abuse its discretion in denying Ms. Jaeger's Motion to Remand. The Board of Review adopted the facts and conclusions of the Office of Judges in its entirety. The findings of fact and conclusions of law are based on reliable evidence in the record. The Order of the Board of Review was sufficient and was not clearly wrong.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II